IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COURTNEY ROARK | : | CIVIL ACTION |
| | : | |
| v. | : | No. 21-4107 |
| | : | |
| BRIAN IRIZARRY, et al. | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                              **August 16, 2022**

      Plaintiff Courtney Roark ("Roark") seeks more than $1,040,000 for the allegedly wrongful towing of his unregistered vehicle. Roark brings this civil rights action against Defendants Brian Irizarry ("Irizarry"), Guy's Collision Center ("GCC"), and the PA State Police Department ("PA Police Dept."). Irizarry and the PA Police Dept. are collectively referred to as "Commonwealth Defendants" herein. Roark's complaint asserts the Commonwealth Defendants: (1) violated their oath of office under 18 U.S.C. § 3571; (2) denied Roark provisions of the Constitution under 42 U.S.C. § 1983; (3) committed treason under 18 U.S.C. § 3571; (4) committed grand theft under 18 U.S.C. § 2112; (5) committed racketeering under 18 U.S.C. § 1963; (6) were part of a conspiracy under 18 U.S.C. § 241; and (7) committed extortion under 18 U.S.C. § 872. Roark also asserts Claims 4, 5, 6, and 7 against GCC.

      GCC subsequently filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Commonwealth Defendants also filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

**BACKGROUND**

      On May 21, 2021 at 9:00 a.m., PA State Trooper Irizarry saw Roark speeding on the I-95. Irizarry pulled Roark over for speeding, and asked Roark for his registration. After Roark told Irizarry he did not have his registration, Irizarry issued Roark two tickets—one for "non-

1

registration" and the other for an "illegal lane change." Irizarry did not issue Roark a speeding ticket.

Because the car was unregistered, Irizarry called GCC to have the car towed. GCC sent a tow truck to the scene and had Roark's car towed to its office in Eddystone, Pennsylvania. Irizarry then drove Roark to Claymont, Delaware, and dropped him off there. Roark was forced to take public transportation to GCC.

Once Roark got to GCC, he tried to use his debit card to pay the $225 bill and retrieve his car. GCC insisted he pay in cash. As a result, Roark had to walk to the nearest ATM and withdraw the money to get his car back.

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the facts alleged in the complaint allow a court to draw a reasonable inference that the defendant is liable. *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 604 (3d Cir. 2015). Courts must give a complaint's factual allegations the presumption of truth and draw reasonable inferences in favor of the non-moving party. *Iqbal*, 556 U.S. at 678. Mere "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a motion to dismiss. *Pearson*, 775 F.3d at 604. "[A] *pro se* complaint must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011).

The majority of Roark's claims either do not have a private right of action, or are not sufficiently plead. Claim one alleges the Commonwealth Defendants violated their "Oath of

Office." This claim must be dismissed because "there is no cause of action for violation of an oath of office." *Bervinchak v. E. Hempfield Twp.*, No. 5:20-cv-05421, 2021 WL 2525561, at *6 (E.D. Pa. June 21, 2021).

Claim two alleges Roark's constitutional rights were violated by the Commonwealth Defendants. Construing Roark's complaint liberally, the Court will construe Roark's claim (denial of "provisions of the Constitution") as claims under Section 1983 and the Fourth Amendment. Roark brings these claims against Irizarry in both his official and individual capacities.

The Eleventh Amendment bars these claims against both PSP and Irizarry *in his official capacity*.[1] The "Eleventh Amendment bars claims for damages against the [Pennsylvania State Police], a state agency that did not waive its sovereign immunity." *Atkin v. Johnson*, 432 Fed. Apps. 47, 48 (3d Cir. 2011) (citing 71 P.S. §§ 61, 732-102; *Capogross v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009). Irizarry, in his official capacity, is also immune from suit. *See Will v. Mich. Dep t of State* Police, 491 U.S. 58, 71 (1989); *see also Atkin v. Johnson*, 432 Fed. Apps. 47, 49 ("To the extent [the state trooper] was sued in his official capacity, he too was immune from suit.")

Roark's Fourth Amendment claim against Irizarry in his individual capacity, also fails. In the interest of public safety, and as a "caretaking function," automobiles can be towed from public areas without a warrant if there exists a reasonable suspicion to do so. *South Dakota v. Opperman*, 428 U.S. 364, 369-74 (1976). In Pennsylvania, "[i]f a motor vehicle or combination for which there is no valid registration or for which the registration is suspended, as verified by an appropriate

---

[1] Even if these claims were not barred by the Eleventh Amendment, Roark's §1983 claim would fail. "[N]either a State nor its officials acting in their official capacities are [considered] 'persons' under § 1983.'" *Will v. Mich. Dep t of State* Police, 491 U.S. 58, 71 (1989). As explained by the United States Supreme Court, 42 U.S.C. § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivation of civil liberties." *Id.* at 66.

3

law enforcement officer, is operated on a highway or trafficway of this Commonwealth, the law enforcement officer shall immobilize the motor vehicle or combination or, in the interest of public safety, direct that the vehicle be towed and stored by the appropriate towing and storing agent. . ." 75 Pa. C.S.T. § 6309.2(a)(2).

Courts in this Circuit have repeatedly found that enforcing Pa. C.S.T. § 6309.2 does not violate an individual's Fourth Amendment right. *See U.S. v. Mundy*, 621 F.3d 283, 285-86 (3d Cir. 2010) (deciding cops who stopped Appellant for traffic violations and subsequently realized Appellants car was not registered could tow Appellant's car); *see also U.S. v. Gray*, 2014 WL 7271247, at *1 (E.D. Pa. Dec. 19, 2014) (since Defendant could not produce his registration, the the officers' decision to tow his vehicle did not violate the Fourth Amendment); *see also Ross v. Commonwealth of Pa.*, 2005 WL 2298145, at *1 (E.D. Pa. Sept. 20, 2005). In this case, Plaintiff's own complaint acknowledges the vehicle was "towed due to not having registration." Pl.'s Compl. at 6. Therefore, Irizarry, in his "individual capacity," towing Roark's car was not a violation of the Fourth Amendment.

Claim three—treason—fails because there is no private right of action to enforce this crime in federal court. *Kinnard v. Pa. Dep't of Corr.*, C.A. No. 18-298, 2019 WL 4060922, at *7 (W.D. Pa. July 24, 2019). In fact, "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S v. Richard D.*, 410 U.S. 614, 619 (1973).

Roark's fourth claim—grand theft—is irrelevant to this case. 18 U.S.C. § 2112 states "[w]hoever robs or attempts to rob another of any kind or description of personal property *belonging to the United States*, shall be imprisoned not more than fifteen years." 18 U.S.C. §2112 (emphasis added). Here, Roark admitted he was traveling on the I-95 highway "in *his* automobile."

Plaintiff's Compl., ECF 1, at 6 (emphasis added). Clearly, the property in question did not belong to the United States, and the cited statute does not apply.

Roark's fifth claim also attempts to allege a federal racketeering claim under RICO. The relevant statute does provide a private right of action, but it requires that a plaintiff identifies that the defendant "enterprise engaged in . . . interstate or foreign commerce" and that they have "received any income derived, directly or indirectly, from a *pattern* of racketeering activity or through *collection of an unlawful debt* in which such person has participated as a principal. 18 U.S.C. § 1962 (emphasis added). A pattern of racketeering activity requires "commission of at least two predicate offenses on a specified list" of crimes. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1411-12 (3d Cir. 1991). Here, Roark has not pled any facts which could plausibly support this claim. Instead, his allegation is merely conclusory. Granting leave to amend will not cure this defect.

Roark's sixth claim—conspiracy under 18 U.S.C. § 241—must be dismissed because no private right of action exists for federal criminal statutes defining civil rights violations. *See United States v. Philadelphia*, 644 F.2d 187 (3d Cir. 1980) (refusing to create a civil remedy under either 18 U.S.C. § 241 or 18 U.S.C. § 241); *see also Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001). Roark's seventh claim—extortion under 18 U.S.C. § 872—also must be dismissed because this statute only applies to "an officer, or employee of the United States or any department or agency thereof." 18 U.S.C. § 872. None of the Defendants are employees of the United States. Consequently, this statute does not apply, and the claim must be dismissed.

For the foregoing reasons, both Commonwealth Defendants' Motion to Dismiss and GCC's Motion to Dismiss are granted with prejudice. An appropriate order follows.

BY THE COURT:

<u>/s/ Juan R. Sánchez</u>
Juan R. Sánchez, C.J.